UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SOUTHEAST MICHIGAN SURGICAL
HOSPITAL, LLC, SPINE PLLC, SUMMIT
MEDICAL GROUP, PLLC, SUMMIT
PHYSCICIANS GROUP, PLLC, GETTER
DONE TRANSPORTATION, LLC, and
KEVIN T. CRAWFORD, DO, PC,

Case No. 18-13895

Honorable Nancy G. Edmunds

    Plaintiffs,
v.

MAURICE LITTLE,

    Defendant.
_____/

**ORDER AND OPINION DENYING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT [8] [10]**

In this lawsuit Plaintiffs Southeast Michigan Surgical Hospital, LLC, Spine PLLC, Summit, Summit Medical Group, PLLC, Summit Physicians Group, PLLC, Getter Done Transportation, LLC, and Kevin T. Crawford, D.O., PC seek to recover payment from Defendant Maurice Little for medical services they allegedly provided to him. Plaintiffs allege that Defendant owes $1,075,871.14 for unpaid medical services he received after an automobile accident.

Pending before the Court are two dispositive motions: Defendant's motion to dismiss (ECF No. 8) and Plaintiffs' motion for summary judgment (ECF No. 10). Defendant seeks dismissal of Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the one-year statute of limitations provided in Michigan's No-Fault Act bars Plaintiffs' claims. In their motion, Plaintiffs seek summary judgment in their favor and assert that there are no genuine issues of material fact concerning their

1

entitlement to payment from Defendant. On July 31, 2019, the Court held a hearing in connection with the motions. For the reasons set forth below, both motions are **DENIED**.

I. **Background**

This action is the offshoot of a no-fault insurance dispute between Defendant and non-party Farm Bureau Insurance Company. On February 14, 2015, Defendant was injured in a motor vehicle accident. He was a passenger in the vehicle at the time of the accident. After the accident, Defendant sought medical treatment from a number of healthcare providers including Plaintiffs.[1]

The owner and driver of the vehicle was insured by a Farm Bureau auto insurance policy. Plaintiff submitted a claim for PIP benefits under the policy, which was denied by Farm Bureau. On February 12, 2016, Defendant filed suit against Farm Bureau in Michigan state court asserting claims under Michigan's No-Fault Act. Defendant's various healthcare providers, including Plaintiffs, intervened in Defendant's lawsuit asserting claims for their unpaid medical bills.

During the course of that litigation, the Michigan Supreme Court held as a matter of first impression that healthcare providers do not possess statutory claims under Michigan's No-Fault Act directly against insurance companies. *See Covenant Med. Ctr., Inc. v. State Farm Mut. Auto. Ins. Co.*, 500 Mich. 191, 895 N.W.2d 490 (2017). The Wayne County circuit court, relying on *Covenant*, dismissed Plaintiffs' third-party claims

---

[1] The parties dispute whether all of Defendant's alleged injuries were caused by the accident and whether all the treatment was medically necessary.

2

against Farm Bureau. Defendant's claims, including his claims for the unpaid medical bills submitted by Plaintiffs, proceeded against Farm Bureau.[2]

On April 20, 2018, Farm Bureau and Defendant entered into an agreement to settle all claims arising out of the accident. Farm Bureau agreed to pay Defendant $35,000 in full satisfaction of all his claims, including his claims for unpaid medical bills. But Farm Bureau also agreed to defend and indemnify Defendant if the healthcare providers, *i.e.* Plaintiffs, brought suit against him individually to recover on their unpaid medical bills. According to Plaintiffs, in order to entice Defendant to enter into the settlement, Farm Bureau told Defendant it was unlikely his medical providers would actually pursue their bills against him.

As it turns out, Farm Bureau was wrong. On November 6, 2018, Plaintiffs filed suit in state court against Defendant seeking to collect on their unpaid medical bills. Defendant removed the case to this Court asserting diversity jurisdiction. Upon removal, both parties filed motions seeking dispositive resolution of the case. Defendant moves to dismiss Plaintiffs' complaint pursuant to Federal Rule of Procedure 12(b)(6) arguing that Plaintiffs' claims are barred by the one-year statute of limitations provided in Michigan's No-Fault Act. Plaintiffs conversely seek summary judgment pursuant to Federal Rule of Civil Procedure 56. Plaintiffs contend the summary judgment evidence establishes that Defendant is liable for the full amount of their medical bills and therefore they are entitled to judgment as a matter of law. Both motions have been fully briefed by the parties. On July 31, 2019, the Court held a hearing in connection with the motions.

---

[2] In the underlying state court litigation, Farm Bureau was represented by Defendant's current counsel. Counsel for Plaintiffs in this lawsuit took over as lead trial counsel for Defendant in the underlying litigation after their direct third-party claims against Farm Bureau were dismissed.

## II. Standards

### A. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). But the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). Dismissal is appropriate if the plaintiff failed to offer sufficient factual allegations that make the asserted claim plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Supreme Court clarified the concept of "plausibilty" in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009):

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.,* at 557 (brackets omitted).

*Id.* at 678. A plaintiff's factual allegations, while "assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). Thus, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Bredesen*, 500 F.3d at 527.

In addition, if a court considers matters outside of the pleadings, the court must convert the motion into one for summary judgment under Rule 56. *Turner v. Corr. Med. Servs., Inc.*, No. 13-11783, 2014 WL 861579, at *2 (E.D. Mich. Mar. 5, 2014). However, "[w]hen a court is presented with a 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Coll. Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). But "a court may only take judicial notice of a public record whose existence or contents prove facts whose accuracy cannot reasonably be questioned." *Passa v. City of Columbus*, 123 Fed. Appx. 694, 697 (6th Cir. 2005).

### B. Motion for Summary Judgment.

"Summary judgment is proper only if the moving party shows that the record does not reveal a 'genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Benison v. Ross*, 765 F.3d 649, 658 (6th Cir. 2014) (quoting FED. R. CIV. P. 56(a)). A genuine issue of material fact exists when there are "disputes over facts that might affect the outcome of the suit under the governing law." *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986). But "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing *First Nat. Bank of Ariz. v. Cities Servs. Co.*, 391 U.S. 253, 289 (1968)).

In addition, once the moving party has met its burden, the non-moving party must make a "showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Bormuth v. Cty. of Jackson*, 870 F.3d 494, 503 (6th Cir. 2017). The non-moving party must present some evidence in support of its complaint to defeat a motion for summary judgment and show that a genuine issue for trial exists—*i.e.*, that a reasonable jury could return a verdict for the non-moving party. *See Anderson*, 477 U.S. at 248.

### III.  Analysis

#### A. Defendant's Motion to Dismiss

Defendant contends Plaintiffs' claims are time-barred by MCL 500.3145(1).[3] Under MCL 500.3145(1) a "claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced." Central to Defendant's motion to dismiss is whether Plaintiffs are "claimants" under Michigan's No-Fault Act.

The version of the No-Fault Act applicable to this dispute does not define the term "claimant." *See Covenant Med. Ctr., Inc.*, 500 Mich. at 221 (Bernstein J., dissenting). In

---

[3] Several provisions of Michigan's No-Fault Act, including MCL § 500.3145, were amended as of June 11, 2019. All references to and discussion of the No-Fault Act or MCL § 500.3145 herein refer to the prior version of the Act which applied to Defendant's claims in the underlying litigation.

*Lobby, Inc.*, 477 U.S. 242, 248 (1986). But "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing *First Nat. Bank of Ariz. v. Cities Servs. Co.*, 391 U.S. 253, 289 (1968)).

In addition, once the moving party has met its burden, the non-moving party must make a "showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Bormuth v. Cty. of Jackson*, 870 F.3d 494, 503 (6th Cir. 2017). The non-moving party must present some evidence in support of its complaint to defeat a motion for summary judgment and show that a genuine issue for trial exists—*i.e.*, that a reasonable jury could return a verdict for the non-moving party. *See Anderson*, 477 U.S. at 248.

### III.  Analysis

#### A. Defendant's Motion to Dismiss

Defendant contends Plaintiffs' claims are time-barred by MCL 500.3145(1).[3] Under MCL 500.3145(1) a "claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced." Central to Defendant's motion to dismiss is whether Plaintiffs are "claimants" under Michigan's No-Fault Act.

The version of the No-Fault Act applicable to this dispute does not define the term "claimant." *See Covenant Med. Ctr., Inc.*, 500 Mich. at 221 (Bernstein J., dissenting). In

---

[3] Several provisions of Michigan's No-Fault Act, including MCL § 500.3145, were amended as of June 11, 2019. All references to and discussion of the No-Fault Act or MCL § 500.3145 herein refer to the prior version of the Act which applied to Defendant's claims in the underlying litigation.

*Covenant*, the Michigan Supreme Court held as a matter of first impression that healthcare providers did not possess a statutory cause of action under the No-Fault Act against no-fault insurers for the recovery of PIP benefits. *Covenant Med. Ctr., Inc.*, 500 Mich. at 217. Instead, "a provider that furnishes healthcare services to a person for injuries sustained in a motor vehicle accident may seek payment from the injured person for the provider's reasonable charges." *Id.* In reaching this conclusion, the Michigan Supreme Court rejected the argument that healthcare providers are "claimants" under MCL 500.3145(1) such that they have standing to sue under the No-Fault Act:

> Plaintiff's reliance on the references to "claimant" rather than "injured person" in MCL 500.3145(1) and MCL 500.3148 is helpful to plaintiff's argument only if healthcare providers are proper claimants under the no-fault act. The provisions cited by plaintiff do not establish that providers possess a claim under the act. Because MCL 500.3145(1) and MCL 500.3148 do not create rights to PIP benefits that do not otherwise exist, plaintiff's reliance on these provisions is misplaced. [*Id.*]

*Covenant Med. Ctr.*, 500 Mich. at 214 n. 37.

Following *Covenant*, some Michigan courts have found that healthcare providers are not "claimants" under the No-Fault Act. For example, in *Allstate Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 321 Mich. App. 543, 558, 909 N.W.2d 495, 503 (2017), the court examined *Covenant* and concluded that while healthcare providers may request and receive payment from a no-fault insurer for services rendered to an injured person, that does not mean the provider is a "claimant" entitled to receive no-fault benefits under the Act. "Rather, it is the injured person who is the claimant that receives PIP benefits, in the form of the insurer paying the healthcare providers. *Allstate Ins. Co.*, 321 Mich. App. at 558. Similarly, in *Seay v. 21st Century Ins. Co.*, No. 330099, 2017 WL 4798956, at *9 (Mich. Ct. App. Oct. 24, 2017), the court stated that the Michigan Supreme Court "has

definitively determined that medical providers, such as those referenced herein, are not construed to be "claimants" for purposes of the no-fault act." *See also Citizens Ins. Co. of Am. v. Sholtey*, No. 337309, 2018 WL 5304899, at *9 (Mich. Ct. App. Oct. 25, 2018) (recognizing that a "claimant" under the No-Fault Act is someone who is entitled to assert a claim for and receive PIP benefits from the no-fault insurer).

Defendant does not address these cases. Instead, Defendant cites *Auto-Owners Ins. Co. v. Compass Healthcare PLC*, 326 Mich. App. 595, 928 N.W.2d 726 (2018) for the proposition that a healthcare provider's exclusive remedy against an insured for services provided in connection with an auto accident falls under Michigan's No-Fault Act. In *Auto-Owners* the insured brought suit for declaratory and injunctive relief against a healthcare provider who had been utilizing abusive collection practices in attempting to collect a balance bill from the insured. *Id.* at 601-02. The court of appeals held the healthcare provider's balance bill claims fell within the No-Fault Act and were subject to MCL § 500.3145's statute of limitations. *Id.* at 610-11.

In reaching this conclusion, the court of appeals rejected the healthcare provider's argument on appeal that they possessed a contractual cause of action to recover the balance of their bill from the insured that was not subject to the limitations of the No-Fault Act. *Id.* Important to the court's analysis were the following findings: (1) the healthcare provider conceded in its opening briefs that its claims were barred under MCL § 500.3145 and therefore waived the argument that it did not apply; (2) the healthcare provider did not file a breach of contract action against the insured and advanced for the first time its implied contract theory of recovery in its reply brief in support of its motion for summary judgment; and (3) the healthcare provider had previously accepted without objection the

insurer's payment of what the insurer believed to be a reasonable payment for the services provided. *Id.* Considering these realities, the court determined the healthcare provider's claims were really a challenge to the insurer's determination of reasonableness under the No-Fault Act. *Id.* Therefore, the claims fell within the No-Fault Act and the statutory limitations period applied. *Id.*

Under the facts and circumstances presented here, the Court declines to extend *Auto-Owners* to hold that a healthcare provider's exclusive remedy against a patient for medical services rendered after an auto accident falls under Michigan's No-Fault Act. The Michigan Supreme Court in *Covenant* expressly did not address the issue of whether a healthcare provider possesses a contractual right to sue because the healthcare provider in that case did not allege any contractual basis for relief. And *Auto-Owners* merely echoes that position. Moreover, Defendant fails to identify any provision of the No-Fault Act stating that a healthcare provider's exclusive claim against a patient who was injured in a car accident falls under the No-Fault Act.

Following the majority of Michigan state courts that have addressed the issue, Plaintiffs, as healthcare providers, are not "claimants" under the No-Fault Act. Therefore MCL § 500.3145(1) does not expressly apply to their claims. Accordingly, Defendant's motion to dismiss Plaintiff's complaint on this single basis is denied.

However, the denial of Defendant's motion to dismiss should not be interpreted as an affirmation of Plaintiffs' proposed application of the statute of limitations. The only issue before the Court is whether Plaintiffs' claims are expressly time-barred under MCL § 500.3145(1). Issues such as whether Plaintiffs adequately pled their contract-based claims, whether those contract claims are barred by the statute of limitations, or whether

MCL § 500.3145(1), as well as other provisions of the No-Fault Act, may implicitly apply to Plaintiffs' contract-based claims are not presently before the Court in connection with Defendant's motion to dismiss.

### B. Plaintiffs' Motion for Summary Judgment

Plaintiffs move for summary judgment arguing that there are no genuine issues of material fact as to the elements of their claims.[4] Plaintiffs argue that an affidavit signed by Defendant is dispositive of any fact issues remaining in this case as to whether Defendant must pay Plaintiffs for all outstanding medical bills. Plaintiffs point to the following statements from Defendant's affidavit:

> 6. That I acknowledge I received medical bills from each of the medical providers enumerated in paragraph #3 above.
>
> 7. That I acknowledge that I incurred all of the medical treatment provided by each medical provider enumerated in paragraph #3 above.
>
> 8. That I do not contest that I am solely responsible for payment of all the medical treatment provided by each of the medical providers enumerated in paragraph #3.

According to Plaintiffs, these three admissions satisfy all the elements Plaintiffs will be required to prove at trial.

In response, Defendant argues granting summary judgment is premature given that discovery in this case is just beginning. While Defendant concedes some discovery was conducted during the underlying litigation, Defendant asserts that more discovery is needed into whether the Plaintiffs' services were medically necessary or lawfully rendered. Defendant also argues that the Court should not rely on Mr. Little's own affidavit because: (1) he is without capacity to opine or testify as to the lawfulness of the

---

[4] Plaintiffs also seek summary judgment on certain affirmative defenses raised by Defendant.

treatment he received; and (2) because of the apparent conflict of interest created by the fact that Defendant was represented by Plaintiffs' counsel when he signed the affidavit and the confidential settlement agreement.

The Court agrees with Defendant that Plaintiffs have not met their summary judgment burden at this time. As an initial matter, Plaintiffs do not identify the cause of action or specific legal claim they are pursuing against Defendant. In their motion, Plaintiffs describe their claims as a straightforward "collection claim". But Plaintiffs do not provide any legal authority establishing a state law claim for "collection," nor do they establish what the elements of such a claim are under Michigan law. In their complaint, as Defendant points out, Plaintiffs' allegations mirror the elements of a claim for the recovery of PIP benefits under Michigan's No-Fault Act. But Plaintiffs maintain, and the Court agrees, that their claims do not expressly arise under the No-Fault Act. In their response to Defendant's motion to dismiss and at the hearing, Plaintiffs argued that the complaint sets forth claims based on a breach of an implied contract(s). But in the argument section of their response brief, Plaintiffs argue that their legal claims are for an account stated under Michigan law.[5] While the Court agrees with Plaintiffs' position as stated at the hearing—that Plaintiffs' claims likely sound in breach of contract—Plaintiffs have at this time failed to sufficiently plead and establish all the essential elements of their contract-based claims.

In addition, the Court agrees with Defendant that granting Plaintiff's motion for summary judgment at this early stage of the litigation would be premature. *See Methode Elecs., Inc. v. DPH-DAS LLC*, No. 09-CV-13078, 2012 WL 831470, at *4 (E.D. Mich. Mar.

---

[5] Plaintiffs, however, acknowledged at the hearing that their claims are not really for an account stated as that claim is defined under Michigan law.

11

12, 2012) (denying motion for summary judgment filed before close of discovery as premature and observing that motions for summary judgment filed before the close of discovery are often denied as premature within this circuit). Plaintiffs filed this motion before the start of discovery in this case. And while both parties conducted discovery related to this dispute during the first lawsuit, Defendant contends there are remaining fact issues that need to be resolved through discovery in the present case. In particular, there appear to be several questions of fact concerning the potential conflicts of interest of counsel for both parties given their roles in the present dispute and as to the probative value of Plaintiff's affidavit in light of those potential conflicts.

In sum, the Court finds Plaintiffs failed to establish each element of their claims as a matter of law and failed to establish that there are no genuine issues of material fact as to their claims. Accordingly, Plaintiffs' motion for summary judgment is denied without prejudice.

IV. Conclusion

For the foregoing reasons, Defendant's motion to dismiss (ECF No. 8) is **DENIED**, and Plaintiffs' motion for summary judgment (ECF No. 10) is **DENIED** without prejudice.

**SO ORDERED.**

                                                  s/Nancy G. Edmunds
                                                  Nancy G. Edmunds
                                                  United States District Judge

Dated: August 13, 2019

Dated: August 13, 2019

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 13, 2019, by electronic and/or ordinary mail.

                                              <u>s/Lisa Bartlett</u>
                                              Case Manager