**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SOUTHEAST MICHIGAN SURGICAL
HOSPITAL, LLC, SPINE PLLC, SUMMIT
MEDICAL GROUP, PLLC, SUMMIT
PHYSCICIANS GROUP, PLLC, GETTER
DONE TRANSPORTATION, LLC, and
KEVIN T. CRAWFORD, DO, PC,

       Plaintiffs,

v.

MAURICE LITTLE,

       Defendant.

_____/

Case No. 18-13895

Honorable Nancy G. Edmunds

**ORDER AND OPINION DENYING PLAINTIFFS'**
**MOTION FOR SUMMARY JUDGMENT [45]**

Pending before the Court is Plaintiffs' motion for summary judgment. (ECF No. 45.)

This is the second motion for summary judgment filed by Plaintiffs in this case.  Plaintiffs

contend that there are no genuine issues of material fact concerning their entitlement to

payment from Defendant and ask the Court to enter judgment in their favor.  Defendant

opposes the motion. (ECF No. 52.)  Plaintiffs did not file a reply brief in support of their

motion.  The Court finds that the decision process would not be significantly aided by oral

argument.  Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2),

Plaintiffs' motion will be decided on the briefs and without oral argument.  And for the

reasons set forth below, the motion is **DENIED**.

**I.    Background**

This action is the offshoot of a no-fault insurance dispute between Defendant,

Plaintiffs, and non-party Farm Bureau Insurance Company.  Plaintiffs Southeast Michigan

Surgical Hospital, LLC, Spine PLLC, Summit, Summit Medical Group, PLLC, Summit

Physicians Group, PLLC, Getter Done Transportation, LLC, and Kevin T. Crawford, D.O.,

PC initiated this lawsuit seeking to recover payment from Defendant Maurice Little for

medical services they allegedly provided to him.  Plaintiffs allege that Defendant owes

them $1,075,871.14 for unpaid medical services he received after an automobile

accident.  Plaintiffs contend their unpaid medical bills should have been paid by non-party

Farm Bureau, but because Farm Bureau refuses to pay, Defendant is ultimately

responsible.

The details of this dispute and the underlying state court litigation are discussed in

the Court's prior order denying Plaintiffs' first motion for summary judgment. (*See* ECF

No. 23.)   After the Court entered its order denying Plaintiffs' motion for summary

judgment, Plaintiffs amended their complaint to add claims for recovery under an implied

contract theory and for unjust enrichment. (*See* ECF No. 33.)  The gist of Plaintiffs' Third

Amended Complaint is that Defendant received medical services from Plaintiffs and is

obligated to pay for those medical services.

Well before the close of discovery, Plaintiffs filed their second motion for summary

judgment in this case, which is presently pending before the Court. (ECF No. 45.)  In their

motion, Plaintiffs contend an affidavit signed by Defendant along with Defendant's

deposition testimony establishes as a matter of law that Defendant is fully responsible for

Plaintiffs' medical bills and has no defenses to Plaintiffs' claims.  Specifically, Plaintiffs

claim the summary judgment evidence establishes, among other things, that: (1) Plaintiffs

and Defendant had an implied agreement to pay for medical treatment; (2) Defendant

testified that the services and treatment rendered by Plaintiffs were for the benefit to aid

in his recovery from his injuries; (3) Plaintiffs sent the bills at issue to Defendant; (4) Defendant admits that he is solely responsible for payment of Plaintiffs' medical bills; and (5) Defendant testified that he has no evidence to support any defense to nonpayment of the bills.   Plaintiffs argue that the evidence they submit in support of their motion for summary judgment entitles them to judgment as a matter of law on their claims.

Defendant, however, disagrees with Plaintiffs' assessment of the summary judgment evidence.  Defendant attacks the credibility of his own affidavit because of the apparent conflict of interest created by the fact that Defendant was represented by Plaintiffs' counsel when he signed the affidavit.  Defendant also claims the affidavit was drafted by counsel for Plaintiffs while they were representing Defendant.  In addition, Defendant challenges Plaintiffs' interpretation of the deposition testimony.  Defendant argues that Plaintiffs cannot rely on his deposition testimony to establish that the amounts charged by Plaintiffs were reasonable or that the services were medically necessary. Thus according to Defendant, Plaintiffs fail to meet their summary judgment burden at this time.

## II.      Summary Judgment Standard

"Summary judgment is proper only if the moving party shows that the record does not reveal a 'genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Benison v. Ross*, 765 F.3d 649, 658 (6th Cir. 2014) (quoting FED. R. CIV. P. 56(a)).  A genuine issue of material fact exists when there are "disputes over facts that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  But "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue

for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing *First Nat. Bank of Ariz. v. Cities Servs. Co.*, 391 U.S. 253, 289 (1968)).

In addition, once the moving party has met its burden, the non-moving party must make a "showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Bormuth v. Cty. of Jackson*, 870 F.3d 494, 503 (6th Cir. 2017). The non-moving party must present some evidence in support of its complaint to defeat a motion for summary judgment and show that a genuine issue for trial exists—*i.e.*, that a reasonable jury could return a verdict for the non-moving party. *See Anderson*, 477 U.S. at 248.

### III.    Analysis

Having considered the entire record in this matter, the Court finds that Plaintiffs fail to establish they are entitled to summary judgment on their claims at this time. The Court denied Plaintiffs' first motion for summary judgment for two primary reasons. First, the motion was denied because Plaintiffs failed to identify the cause of action or specific legal claim they were pursuing against Defendant to recover on their "collection action." Plaintiffs appear to have satisfied that issue through their Third Amended Complaint. However, the second reason for denying the motion—that the motion was premature, that Plaintiff failed to present evidence in support of each element of their claims, and that there were outstanding issues of fact to be addressed through discovery—persists.

The same issues that plagued Plaintiffs' reliance on Defendant's affidavit to support its first motion for summary judgment apply equally to Plaintiffs' reliance on Defendant's deposition here. Defendant's deposition does not establish as a matter of

law that the services provided by the Plaintiffs were medically necessary, that the amounts charged by Plaintiffs were reasonable, or that Defendant is liable for the full amounts of the medical bills.   The Court reviewed Defendant's entire deposition. Defendant frequently flipped back and forth between answers to similar questions, was unsure of what was being asked of him, and did not understand the posture of this litigation.   And although Defendant clearly acknowledges that he received medical treatment and that some amounts are likely owed to Plaintiffs, his testimony alone does not establish that Plaintiffs are entitled to judgment as a matter of law at this time. Moreover, noticeably absent from the record here is any testimonial evidence from Plaintiffs establishing the accuracy, propensity, and reasonableness of their medical bills or the amounts allegedly owed.   And still unresolved are the significant questions surrounding the attorney-client conflicts among the parties to this case.

For these reasons, and because the motion was filed well before the close of discovery, the Court finds that Plaintiffs' motion for summary judgment should be denied at this time.

## IV.    Conclusion

For the foregoing reasons, Plaintiffs' motion for summary judgment (ECF No. 45) is hereby **DENIED**.

**SO ORDERED.**

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  October 20, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 20, 2020, by electronic and/or ordinary mail.


s/Lisa Bartlett
Case Manager