` **UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SOUTHEAST MICHIGAN SURGICAL
HOSPITAL, LLC, SPINE PLLC, SUMMIT
MEDICAL GROUP, PLLC, SUMMIT
PHYSCICIANS GROUP, PLLC, GETTER
DONE TRANSPORTATION, LLC, and
KEVIN T. CRAWFORD, DO, PC,

Case No. 18-13895

Honorable Nancy G. Edmunds

     Plaintiffs,
v.

MAURICE LITTLE,

     Defendant.
_____/

**ORDER AND OPINION DENYING DEFENDANT'S**
**<u>MOTION FOR SUMMARY JUDGMENT [57]</u>**

Pending before the Court is Defendant's motion for summary judgment. (ECF No. 57.) Defendant claims he is entitled to summary judgment for three primary reasons. First, Defendant argues that all of Plaintiffs' claims are barred by the statute of limitations. Second, Defendant claims Plaintiffs failed to adequately mitigate their damages by seeking to recover on their bills from him, or from someone else, in the years prior to filing this lawsuit and therefore their claims should be dismissed. Finally, Defendant argues that Plaintiff Southeast Michigan Surgical Hospital lacks standing to prosecute its bills because it allegedly sold its account receivables to a different corporate entity. Plaintiffs oppose the motion.[1]

---

[1] Plaintiffs failed to file a timely response to Defendant's motion. However, after the Court ordered a response, Plaintiffs submitted their opposition to Defendant's motion. (ECF No. 63.) Defendant did not file a reply to Plaintiffs' response.

1

The Court finds that the decision process would not be significantly aided by oral argument. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), Defendant's motion will be decided on the briefs and without oral argument. Having reviewed the record on this matter in its entirety, the Court finds that Defendant has failed to meet his summary judgment burden on the issues presented and his motion should be **DENIED**.

I.   **Background**

This action is the offshoot of a no-fault insurance dispute between Defendant, Plaintiffs, and non-party Farm Bureau Insurance Company. Plaintiffs Southeast Michigan Surgical Hospital, LLC, Spine PLLC, Summit, Summit Medical Group, PLLC, Summit Physicians Group, PLLC, Getter Done Transportation, LLC, and Kevin T. Crawford, D.O., PC initiated this lawsuit seeking to recover payment from Defendant Maurice Little for medical services they allegedly provided to him. Plaintiffs allege that Defendant owes them $1,075,871.14 for unpaid medical services he received after an automobile accident. Plaintiffs contend their unpaid medical bills should have been paid by non-party Farm Bureau, but because Farm Bureau refuses to pay, Defendant is ultimately responsible.[2]

The details of this dispute and the underlying state court litigation are discussed in several of the Court's prior orders. The parties, collectively, have filed several dispositive motions, each of which has failed to resolve a number of the key factual issues in this case. For example, remaining unresolved is the issue of the apparent conflicts of interest among counsel in this case as well as questions concerning whether the amounts

---

[2] The parties also acknowledge that Farm Bureau will ultimately be responsible for any amounts Defendant becomes liable by virtue of this action.

charged by Plaintiffs for their medical services were reasonable. Defendant's motion for summary judgment does not address these outstanding issues.

## II. Summary Judgment Standard

"Summary judgment is proper only if the moving party shows that the record does not reveal a 'genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Benison v. Ross*, 765 F.3d 649, 658 (6th Cir. 2014) (quoting FED. R. CIV. P. 56(a)). A genuine issue of material fact exists when there are "disputes over facts that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). But "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing *First Nat. Bank of Ariz. v. Cities Servs. Co.*, 391 U.S. 253, 289 (1968)).

In addition, once the moving party has met its burden, the non-moving party must make a "showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Bormuth v. Cty. of Jackson*, 870 F.3d 494, 503 (6th Cir. 2017). The non-moving party must present some evidence in support of its complaint to defeat a motion for summary judgment and show that a genuine issue for trial exists—*i.e.*, that a reasonable jury could return a verdict for the non-moving party. *See Anderson*, 477 U.S. at 248.

## III. Analysis

### A. Statute of Limitations

Defendant contends Plaintiffs' contract-based claims are barred by the statute of limitations.  More specifically, Defendant contends the one-year statute of limitations for claims under the No Fault Act (M.C.L. § 500.3157) and not the six-year statute of limitations for contract claims under Michigan law applies to Plaintiffs' claims here.  Although Defendant recognizes that Plaintiffs' claims do not expressly arise under the No-Fault Act, Defendant argues the Act's limitations period should apply to Plaintiffs' claims as a matter of public policy.  Defendant relies on the Michigan Court of Appeals decision in *Auto-Owners Ins Co v Compass Healthcare PLC*, 326 Mich App 595, 624; 928 NW2d 726 (2018) to support his position.

Defendant raised this exact argument at the motion to dismiss stage.  In its order denying Defendant's motion to dismiss, the Court discussed *Auto-Owners* and rejected Defendant's express application of its holding to the facts of this case:

> Under the facts and circumstances presented here, the Court declines to extend *Auto-Owners* to hold that a healthcare provider's exclusive remedy against a patient for medical services rendered after an auto accident falls under Michigan's No-Fault Act.  The Michigan Supreme Court in *Covenant* expressly did not address the issue of whether a healthcare provider possesses a contractual right to sue because the healthcare provider in that case did not allege any contractual basis for relief. And *Auto-Owners* merely echoes that position.  Moreover, Defendant fails to identify any provision of the No-Fault Act stating that a healthcare provider's exclusive claim against a patient who was injured in a car accident falls under the No-Fault Act.

*See Southeast Michigan Surgical Hospital v. Little,* Case No. 18-13895, 2019 WL 3801574 (E.D. Mich. August 13, 2019).  The Court further held that the limitations period provided in the No Fault Act did not expressly apply to Plaintiffs' claims. *Id.*

The Court did, however, leave open the question of whether a one-year statute of limitations should apply as a matter of public policy or under the terms of the alleged implied contract between Defendant and his health care services providers.  And on the

4

record before the Court, that question remains open. Defendant's motion for summary judgment does not present any new evidence or legal argument from what Defendant originally raised in his motion to dismiss. While the Court agrees with Defendant that his relationship with Plaintiffs is connected to the No-Fault Act and that he is likely only liable for Plaintiffs' reasonable medical bills, the Court finds on the record here that Defendant fails to establish that Plaintiffs' claims are barred by the statute of limitations.

### B. Mitigation

Defendant contends Plaintiffs failed to mitigate their damages by refusing to attempt to collect payment for the medical services at issue from any person or entity. Defendant adds that there is no evidence Plaintiffs ever billed Defendant prior to the filing of this lawsuit, and therefore Plaintiffs' claims should be dismissed. Of course, to accept Defendant's argument, the Court would have to ignore the state court litigation underlying this dispute. There is certainly sufficient evidence in the record establishing Plaintiffs repeated attempts to collect on their unpaid bills from Defendant's insurer, Farm Bureau. While Defendant may be correct that Plaintiffs have a general duty to mitigate their damages, Defendant fails to meet his summary judgment burden on this issue.

### C. SMSH's Standing

Defendant claims that after filing this lawsuit, Plaintiff SMSH assigned its account receivable for the amounts owed by Defendant to a different corporate entity and therefore lacks standing to pursue its claim because it is no longer the real party in interest. In response, Plaintiffs present evidence that the sale of ownership interests in SMSH to a third party in December 2018 expressly excluded all claims and accounts receivables pre-dating the sale. Plaintiffs also present evidence that SMSH's corporate

parent, Surgery Partners, Inc., has always owned the account receivables for SMSH and remains the owner at this time. This evidence rebuts Defendant's contention that ownership of Defendant's debt changed hands during this lawsuit. And having reviewed the evidence in the record on summary judgment, the Court finds that Defendant fails to establish as a matter of law that SMSH lacks standing to pursue its own account receivables.

## IV. Conclusion

For the foregoing reasons, Defendant's motion for summary judgment is **DENIED**. Discovery in this case has a closed and the Court has now resolved all pending dispositive motions. As a result, following the entry of this order, the Court will convene a teleconference to discuss a date for mediation and trial.

**SO ORDERED.**

s/ Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: December 28, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 28, 2020, by electronic and/or ordinary mail.

s/ Lisa Bartlett
Case Manager