UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SOUTHEAST MICHIGAN
SURGICAL HOSPITAL, LLC, *et al.*,

                Plaintiffs,        Civil Action No. 18-13895

v.                                        Nancy G. Edmunds
                                          United States District Judge

MAURICE LITTLE,              David R. Grand
                                          United States Magistrate Judge

                Defendant.
_____/

**REPORT AND RECOMMENDATION TO GRANT IN PART
AND DENY IN PART DEFENDANT'S RENEWED MOTION
FOR DISMISSAL, OR ALTERNATIVELY, ADJOURNMENT
OF SCHEDULING ORDER DATES (ECF No. 67)**

Before the Court is a Renewed Motion for Dismissal, or Alternatively, Adjournment of Scheduling Order Dates, filed by Defendant Maurice Little ("Defendant") on December 13, 2021. (ECF No. 67). The basis of the motion is that Defendant has been unable to take the depositions of three of Plaintiffs' witnesses: the billing representative for Plaintiffs Summit Physicians Group, PLLC and Summit Medical Group, PLLC (identified as Allie Galovich); the billing representative for Plaintiff Kevin T. Crawford, D.O, P.C. (identified as Karley Vencelov); and the billing representative for Plaintiff Getter Done Transportation, LLC (who has not been identified). Arguing that Plaintiffs have failed to comply with previous court orders (ECF No. 51; 1/19/21 Text-Only Order), Defendant seeks dismissal of Plaintiffs' complaint for failure to prosecute, pursuant to Fed. R. Civ. P.

41(b), or in the alternative, an extension of dates to afford him time to take the necessary depositions. Oral argument was held on Defendant's motion on April 8, 2022.

**Plaintiff Getter Done Transportation, LLC**

To begin with, Plaintiffs conceded in their response to Defendant's motion that Plaintiff Getter Done Transportation, LLC "has not fully participated in discovery, specifically not appearing for a deposition." (ECF No. 69, PageID.3036). At oral argument, Plaintiffs' counsel indicated that this entity has "disappeared" and has effectively abandoned its claims in this case. Thus, counsel to Plaintiff Getter Done Transportation, LLC agreed that Defendant's motion should be granted to the extent it seeks dismissal of Plaintiff Getter Done Transportation, LLC's claims.

**Depositions of Other Plaintiffs' Billing Representatives**

With respect to the failure to produce for deposition the billing representatives of Plaintiffs Summit Physicians Group, PLLC, Summit Medical Group, PLLC, and Kevin T. Crawford, D.O, P.C., the Court is not persuaded that dismissal of Plaintiffs' claims is warranted at this time. As explained during oral argument, although Allie Galovich and Karley Vencelov were ordered to appear for their depositions on or before February 28, 2021, and failed to do so, Defendant waited nearly *ten months* after this date passed before filing the instant motion. In the interim, there is no indication that Defendant took any action to communicate with Plaintiffs about these depositions. Nevertheless, the Court understands the necessity of these depositions from Defendant's perspective and, thus, will allow Defendant an additional sixty (60) days to take these two depositions or, to the extent these particular witnesses are no longer available, 30(b)(6) depositions. Accordingly, the

depositions of Allie Galovich and Karley Vencelov or 30(b)(6) witnesses shall be completed on or before **June 7, 2022**, and the dispositive motion cutoff should be extended to **July 8, 2022**. Plaintiffs' failure to cooperate in scheduling and/or conducting these depositions may result in sanctions, up to and including dismissal of Plaintiffs' claims. Defendant's failure to take all steps necessary to complete the depositions will result in a waiver of their right to the depositions.

Thus, for the foregoing reasons, **IT IS RECOMMENDED** that Defendant's Renewed Motion for Dismissal, or Alternatively, Adjournment of Scheduling Order Dates **(ECF No. 67)** be **GRANTED IN PART** to the extent it seeks dismissal of Plaintiff Getter Done Transportation, LLC's claims, and **DENIED IN PART** to the extent it seeks dismissal of the remaining Plaintiffs' claims. **IT IS FURTHER RECOMMENDED** that the scheduling order in this case be modified to allow for the depositions as set forth above.

Dated: April 9, 2022          s/David R. Grand
Ann Arbor, Michigan           DAVID R. GRAND
                              United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and

Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 9, 2022.

                                              s/Eddrey O. Butts
                                              EDDREY O. BUTTS
                                              Case Manager